**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 27 2012, 8:26 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**RUTH JOHNSON**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DAVID FONSECA,                           )
                                         )
    Appellant-Defendant,                 )
                                         )
        vs.                              )    No.  49A02-1107-CR-605
                                         )
STATE OF INDIANA,                        )
                                         )
    Appellee-Plaintiff.                  )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda E. Brown, Judge
Cause No.  49F10-1103-CM-16611

**February 27, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Judge**

STATEMENT OF THE CASE

David Fonseca appeals his conviction of battery, a class A misdemeanor.[1]

We affirm.

ISSUE

Whether the State presented sufficient evidence to support the conviction.

FACTS

Fonseca lived with his wife, Stacy Beeman, and their three children in an Indianapolis residence rented by Beeman. Beeman allowed Fonseca to live with her and the children on the condition that Fonseca not drink alcohol in or around the house or around the children. On March 9, 2011, J.B., Beeman and Fonseca's daughter, called Beeman at work and informed her that Fonseca was drunk. Beeman returned from work, went into her bedroom, and confronted Fonseca as he lay on Beeman's bed. Beeman told Fonseca to leave the house, but he refused. Fonseca told Beeman that he was not going anywhere and became belligerent.

Seventeen-year-old J.B. came into the room and joined with her mother in telling Fonseca to leave. Fonseca and J.B.'s relationship was already strained because he did not approve of J.B.'s child's father's failure to support the child. Fonseca called J.B. a "bitch," a "whore," and a "slut," and moved toward her several times. Beeman stepped between the two during the argument.

---

[1] Ind. Code § 35-42-2-1.

2

The tension apparently eased, and Beeman went to the kitchen to get a cup of coffee. Fonseca and J.B. again began to argue, and Fonseca pushed her. Fonseca then struck J.B. on the upper right shoulder, causing her pain, for which she subsequently took Tylenol. Beeman heard the noise, and as she walked toward the bedroom, she met J.B., who told Beeman that Fonseca had hit her. Beeman told J.B. to call the police, which she did.

Officer Matthew Coffing of the Indianapolis Metropolitan Police Department responded to the dispatch and went to Beeman's residence. Officer Coffing took J.B.'s statement and observed a red mark on her upper right shoulder.

Fonseca was charged with class A misdemeanor battery. After a bench trial, the trial court found Fonseca guilty of the charge. The trial court sentenced Fonseca to 365 days incarceration, ordered 20 days executed, and suspended 345 days to supervised probation.

<u>DECISION</u>

Fonseca contends that the State failed to present sufficient evidence to support the conviction. Generally, in addressing a claim of insufficient evidence, we must consider only the probative evidence and reasonable inferences supporting the trier of fact's determination. *Glenn v. State*, 884 N.E.2d 347, 355 (Ind. Ct. App. 2008), *trans. denied*. We will not reweigh the evidence or assess witness credibility in reviewing the determination. *Id.* "Reversal is appropriate only when reasonable persons would not be

able to form inferences as to each material element of the offense." *Alvies v. State*, 905 N.E.2d 57, 61 (Ind. Ct. App. 2009). "Not only must the fact-finder determine whom to believe, but also what portions of conflicting testimony to believe." *In re J.L.T.*, 712 N.E.2d 7, 11 (Ind. Ct. App. 1999), *trans. denied*. A conviction may stand on the uncorroborated evidence of a minor witness. *Newsome v. State*, 686 N.E.2d 868, 875 (Ind. Ct. App. 1997).

To prove battery as a class A misdemeanor, the State was required to show that Fonseca knowingly or intentionally touched J.B. in a "rude, insolent, or angry manner," causing bodily injury to J.B. *See* I.C. § 35-42-2-1(a)(1)(A). The term "bodily injury" includes "any impairment of physical condition, including physical pain." I.C. § 35-41-1-4.

Fonseca claims that because of the tension between him and J.B., his drunkenness, and his name-calling, J.B. "orchestrated this event." Fonseca's Br. at 6. He emphasizes that Beeman's exit from the room shows that there was no tension at the time of the battery. He further emphasizes that neither Beeman nor Officer Colling witnessed the attack. He argues that J.B.'s testimony is "incredibly dubious."

We will overturn a conviction "when the testimony is so incredibly dubious or inherently improbable that it runs counter to human experience, and no reasonable person could believe it." *Baumgartner v. State*, 891 N.E.2d 1131, 1138 (Ind. Ct. App. 2008). Under the incredible dubiosity rule, "a court will impinge on the [trier of facts']

responsibility to judge the credibility of a witness when confronted with inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity." *Glenn*, 884 N.E.2d at 355. Application of this rule is limited to cases where a sole witness presents inherently contradictory and equivocal testimony and there is a complete lack of circumstantial evidence of the appellant's guilt. *Id*.

Here, J.B. initially told the investigating officer and subsequently testified that Fonseca hit her. She further testified that the blow required her to take Tylenol to lessen the pain. In addition, Beeman heard a noise that sounded like a blow, and Officer Coffing observed the red mark that resulted from the blow. These facts are sufficient to support the conviction. There is no inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony here. Accordingly we will not impinge upon the trial court's responsibility to judge J.B.'s credibility.

Affirmed.

BAKER, J., and BAILEY, J., concur.