**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| KIP HURT, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )   No. 49A04-1206-CR-286 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Viola Taliaferro, Judge
Cause No. 49F18-1106-FD-45739

**January 25, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Following a bench trial, Kip Hurt was convicted of Battery[1] as a class A misdemeanor. Hurt appeals and argues that the State presented insufficient evidence to support his conviction and to rebut his claim of defense of another person. We affirm.

On June 26, 2011, eighteen-year-old Sydney Guynn had some friends over to her house to watch an awards show on television. At about 7:30 p.m., Guynn and two of her friends decided to go to a store to pick up some snacks. As they approached Guynn's car, which was parked across the street from Hurt's house, Hurt's sixteen-year-old twin daughters called out to Guynn. An argument ensued, and Guynn eventually got into the car to leave, but was unable to pull away because the twins were blocking her way. Guynn then pulled the car into her driveway and went back inside her house. She told her friends what was going on and several of them went outside, where they confronted the twins on Guynn's driveway.

At that point, Hurt became aware of the confrontation and exited his house, picking up an aluminum softball bat as he went. Hurt approached Guynn while waving the bat back and forth in front of him and told her to shut her mouth. Hurt then pointed the bat at Guynn's face and hit her in the mouth with it, and causing her lip to bleed. Guynn then ran back inside to get her father, and the police were called. Officer Edward Ferrell of the Indianapolis Metropolitan Police Department responded to the call. After conducting an investigation and observing injuries to Guynn's face, including a bloody and swollen lip, Officer Ferrell arrested Hurt.

---

[1] Ind. Code Ann. § 35-42-2-1 (West, Westlaw current through 2012 2nd Reg. Sess.).

As a result of these events, the State charged Hurt with class D felony criminal recklessness and class A misdemeanor battery. Following a bench trial on May 7, 2012, Hurt was acquitted of criminal recklessness and convicted of battery. Hurt now appeals.

Hurt argues that the State presented insufficient evidence to establish that he battered Guynn. In reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Atteberry v. State*, 911 N.E.2d 601 (Ind. Ct. App. 2009). Instead, we consider only the evidence supporting the conviction and the reasonable inferences to be drawn therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt, then the judgment will not be disturbed. *Baumgartner v. State*, 891 N.E.2d 1131 (Ind. Ct. App. 2008). It is not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference may reasonably be drawn from it to support the conviction. *Drane v. State*, 867 N.E.2d 144 (Ind. 2007).

In order to convict Hurt of class A misdemeanor battery, the State was required to prove that Hurt knowingly or intentionally touched Guynn in a rude, insolent, or angry manner and that the touching resulted in bodily injury to Guynn. *See* I.C. § 35-42-2-1. In support of his argument that the State presented insufficient evidence to support his conviction, Hurt points to his own testimony that he did not hit anyone with the bat, as well as the testimony of his wife and daughter that Guynn "walked into" the bat. *Appellant's Brief* at 6, 7.

Hurt's argument is without merit. Guynn testified that Hurt walked toward her swinging the bat, cursed at her, told her to shut her mouth, and then hit her in the mouth with the bat. Guynn testified further that the blow caused her mouth to bleed and damaged her teeth seriously enough to require three trips to the dentist to repair. It is well settled that the uncorroborated testimony of one witness, even if it is the victim, is sufficient to sustain a conviction. *Birari v. State*, 968 N.E.2d 827 (Ind. Ct. App. 2012), *trans. denied*. Moreover, Officer Ferrell and another responding officer testified that they observed the injuries to Guynn's face and photographs of those injuries were admitted into evidence at trial. This evidence was more than sufficient to support Hurt's conviction, and his arguments to the contrary are nothing more than requests for this court to reweigh the evidence, judge the credibility of witnesses, and consider conflicting evidence in a light unfavorable to the trial court's judgment, none of which we will do on appeal.

Hurt also argues that the State failed to rebut his claim that he acted in defense of his daughters. "'A valid claim of defense of oneself or another person is legal justification for an otherwise criminal act.'" *Simpson v. State*, 915 N.E.2d 511, 514 (Ind. Ct. App. 2009) (quoting *Hobson v. State*, 795 N.E.2d 1118, 1121 (Ind. Ct. App. 2003), *trans. denied*), *trans. denied*; *see also* Ind. Code Ann. § 35-41-3-2(c) (West, Westlaw current through 2012 2nd Reg. Sess.). To prevail on a claim of defense of another person, the defendant must show that he: (1) was in a place where he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. *Simpson v. State*, 915 N.E.2d 511. When a claim of defense of another person is

4

raised and finds support in the evidence, the State bears the burden of negating at least one of the necessary elements beyond a reasonable doubt. *Id.* We review challenges to the sufficiency of the evidence to rebut a claim of defense of others under the same standard used for any claim of insufficient evidence. *Id.*

Once again, Hurt's argument is simply a request for this court to consider conflicting evidence in a light unfavorable to the conviction and judge the credibility of witnesses. Specifically, Hurt points to defense witness testimony that two of Guynn's companions were armed, one with a knife and another with a gun. Guynn, however, testified that no one had a gun or a knife, and Officer Ferrell testified that Hurt did not tell him that anyone had a weapon. The evidence most favorable to the judgment reveals that Hurt's daughters participated willingly in the confrontation; indeed, one of Hurt's daughters testified that she intended to fight Guynn. Additionally, although Guynn and her friends were in the midst of a heated verbal altercation with the twins, it is undisputed that no physical contact had occurred. Even Hurt testified that no punches had been thrown. Moreover, Guynn testified that Hurt walked toward her swinging the bat, cursed at her, told her to shut her mouth, and then hit her in the mouth with the end of the bat. Under these facts and circumstances, it was reasonable for the trial court to conclude that Hurt was the aggressor in the situation and did not reasonably fear for his daughters' safety. Accordingly, the State presented sufficient evidence to rebut Hurt's claim of defense of another person.

Judgment affirmed.

NAJAM, J., and BRADFORD, J., concur.

5