Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

Jan 31 2013, 9:21 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LAURA M. TAYLOR**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TOBY WEBSTER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1206-CR-522 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable William J. Nelson, Judge
The Honorable Teresa Hall, Commissioner
Cause No. 49F18-1111-FD-83337

**January 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Following a bench trial, Toby Webster was convicted of Attempted Auto Theft[1] as a class D felony and adjudicated a Habitual Offender.[2] Webster appeals and argues that the State presented insufficient evidence to support his conviction and habitual offender adjudication. We affirm.

On the evening of November 25, 2011, Carl Pope's 1993 Buick Century station wagon was parked in the lot behind his apartment building in Indianapolis. At that time, Christina Mackey, a guard employed by a private security firm, was on patrol in the area. Mackey saw a man, later identified as Webster, break the passenger-side window and enter Pope's vehicle. Although Mackey could not see what Webster was doing inside the vehicle, she saw the headlights flickering. She then saw Webster exit the vehicle and walk away. Mackey called 911 and positioned her vehicle so that she could see which direction Webster went. When police arrived, Mackey gave a description of the suspect, and Webster was apprehended nearby a short time later. At the time of his arrest, Mackey was in possession of a flathead screwdriver, and the police found very small pieces of tempered glass in his pocket. Later examination of Pope's vehicle revealed that the rear passenger-side window was shattered and the steering column was cracked.

As a result of these events, the State charged Webster with class D felony auto theft and filed a habitual offender allegation. Webster waived his right to a jury trial and the matter was tried to the bench on May 30, 2012. At trial, Webster testified in his own defense

---

[1] Ind. Code Ann. § 35-41-5-1 (West, Westlaw current through 2012 2nd Reg. Sess.) (attempt); Ind. Code Ann. § 35-43-4-2.5 (West, Westlaw current through 2012 2nd Reg. Sess.) (auto theft).
[2] Ind. Code Ann. § 35-50-2-8 (West, Westlaw current through 2012 2nd Reg. Sess.).

and claimed that he did not intend to steal the car; rather, he claimed that he only intended to damage it because he mistakenly believed that the car belonged to a man who owed him money. He testified further that he knew very well how to steal cars, he had multiple convictions for auto theft, stealing older cars was his "specialty," and if he had wanted to steal Pope's car, he would have succeeded. *Transcript* at 33. The trial court found Webster guilty of attempted auto theft and, in a bifurcated proceeding, Webster admitted that he had committed the underlying felonies supporting the habitual offender allegation. The trial court then adjudicated Webster a habitual offender and sentenced him to an aggregate six-year term, with the first five years to be served in the Department of Correction and the sixth year to be served in a community corrections program. Webster now appeals.

Webster first argues that the State presented insufficient evidence to support his attempted auto theft conviction. In reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Atteberry v. State*, 911 N.E.2d 601 (Ind. Ct. App. 2009). Instead, we consider only the evidence supporting the conviction and the reasonable inferences to be drawn therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt, then the judgment will not be disturbed. *Baumgartner v. State*, 891 N.E.2d 1131 (Ind. Ct. App. 2008).

It is not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference may reasonably be drawn from it

to support the conviction. *Drane v. State*, 867 N.E.2d 144 (Ind. 2007). Accordingly, the question on appeal is whether the inferences supporting the verdict were reasonable, not whether other, "more reasonable" inferences could have been made. *Thompson v. State*, 804 N.E.2d 1146, 1150 (Ind. 2004). Because reaching alternative inferences is the function of the trier of fact, we may not reverse a conviction merely because a different inference might plausibly be drawn from the evidence. *Thompson v. State*, 804 N.E.2d 1146.

To convict Webster of attempted auto theft, the State was required to prove that he knowingly or intentionally took a substantial step toward exerting unauthorized control over Pope's vehicle with the intent to deprive Pope of the vehicle's value or use. *See* I.C. §§ 35-41-5-1, 35-43-4-2.5. Webster argues that the State failed to prove that he took a substantial step toward exerting unauthorized control over the car or that he acted with the requisite intent to deprive Pope of the vehicle's value or use because his intent was only to damage the vehicle, not to steal it.

As an initial matter, we note that intent is a mental state and, absent an admission by the defendant, the trier of fact must resort to the reasonable inferences drawn from both the direct and circumstantial evidence to determine whether the defendant had the requisite intent to commit the offense in question. *Stokes v. State*, 922 N.E.2d 758 (Ind. Ct. App. 2010), *trans. denied*. Here, the State presented ample evidence to support an inference that Webster intended to steal the car. Webster approached the car at night, broke out the rear passenger-side window, and then entered the car. While inside, Webster cracked the car's steering column, and Mackey saw the car's headlights flicker, indicating that Webster attempted to

4

start the car. Shortly thereafter, Webster was apprehended by the police and found to be in possession of a flathead screwdriver. Although Webster claims he intended only to damage the car, the trial court rejected his explanation, reasoning as follows:

> I understand what he is saying in reference to if he wanted to steal the car he believes he could have. However there is about a thousand of other ways he could have damaged the vehicle if that was his only intent. But to go to the steps of breaking a window, getting in the vehicle, damaging the steering column as it would take to be able to steal that vehicle; with a screwdriver in his pocket . . . the Court does not buy it . . . the statements of the Defendant. I do not give him credibility. If he just wanted to damage the vehicle he could have damaged it by breaking all the windows, flattening the tires, denting it. I don't know, setting the thing on fire . . . he could have done anything besides the fact of the only steps it would actually take to steal the vehicle which is the steps that he did take.

*Transcript* at 40 (ellipses in original). Webster's argument on appeal is simply a request for this court to accept his testimony as credible and draw inferences contrary to the trial court's judgment, which we will not do on appeal.

Webster also argues that the State presented insufficient evidence to support his habitual offender adjudication. His argument, however, is premised solely on his claim that the State presented insufficient evidence to support his attempted auto theft conviction. Because we have already concluded that Webster's attempted auto theft conviction is supported by sufficient evidence, we reach the same conclusion with respect to the habitual offender adjudication.

Judgment affirmed.

NAJAM, J., and BRADFORD, J., concur.

5