## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 30 2015, 8:39 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Suzy St. John
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Indianapolis, Indiana

Christina D. Pace
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Danean Childress, | September 30, 2015 |
| *Appellant-Defendant,* | Court of Appeals Case No. 49A04-1501-CR-35 |
| v. | Appeal from the Marion Superior Court Criminal Division, Room 10 |
| State of Indiana, | The Honorable Linda E. Brown, Judge |
| *Appellee-Plaintiff* | Trial Court Cause No. 49F10-1306-CM-40212 |

**Altice, Judge.**

## Case Summary

[1] Following a bench trial, Danean Childress was convicted of class A misdemeanor Prostitution.[1] Childress now appeals, contending that the State presented insufficient evidence to support her conviction.

[2] We affirm.

## Facts & Procedural History

[3] On June 19, 2013, Detective Henry Castor of the Indianapolis Metropolitan Police Department was conducting an undercover investigation into advertisements placed on the website Backpage.com. Detective Castor and his fellow officers had previously made several prostitution arrests using this website. On this occasion, Detective Castor went to the escort section of the website and found an ad Childress had placed offering reflexology massage and good conversation. The advertisement also said something like "pick your flavor for the favor." *Transcript* at 12. Based on his training and experience, Detective Castor believed the ad was soliciting prostitution, so he called the listed telephone number to set up an appointment. Detective Castor agreed to pay $225 for one hour of Childress's services, although they did not discuss what specific services would be offered. Childress instructed Detective Castor to meet her at a hotel.

---

[1] Ind. Code § 35-45-4-2.

[4]     Detective Castor met Childress at the hotel, and they both entered a room Childress had rented.  Once inside, they engaged in casual conversation, during which Childress stated that she was nervous and told Detective Castor that he was cute.  Childress asked Detective Castor if he was a police officer.  When Detective Castor stated that he was not, Childress responded that "[t]hey're allowed to say they are not a cop." *Id.* at 38.  Detective Castor asked about reflexology massage, and Childress explained reflexology and massaged his hand.  Childress then stated that some of her clients had foot fetishes and stated "[y]ou need some more fetishes in this line of work." *Id.* at 43.  Childress also told Detective Castor that she "d[id]n't do Greek", which she explained meant anal sex.  *Id.*  Detective Castor asked if he could pay extra for anal sex, and Childress responded that she would not do it.  Detective Castor asked if "everything else" was okay, and Childress responded affirmatively.  *Id.* at 15.  Childress then told Detective Castor to place his things on the counter, which he understood to mean he was to place the agreed-upon payment on the counter.  Childress then got a condom out of a drawer and opened it.  At that point, Detective Castor told Childress that he was a police officer.  Childress became upset and asked if Detective Castor was taking her to jail.  Childress was then placed under arrest.

[5]     As a result of these events, Childress was charged with class A misdemeanor prostitution.  A bench trial was held on January 6, 2015, at the conclusion of which Childress was found guilty as charged.  Childress now appeals.  Additional facts will be provided as necessary.

## Discussion & Decision

[6] Childress argues that the State presented insufficient evidence to support her prostitution conviction. In reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Atteberry v. State*, 911 N.E.2d 601, 609 (Ind. Ct. App. 2009). Instead, we consider only the evidence supporting the conviction and the reasonable inferences flowing therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt, the judgment will not be disturbed. *Baumgartner v. State*, 891 N.E.2d 1131, 1137 (Ind. Ct. App. 2008). It is not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference may reasonably be drawn from it to support the conviction. *Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007).

[7] In order to convict Childress of prostitution as charged, the State was required to prove that Childress knowingly or intentionally agreed or offered to perform sexual intercourse or other sexual conduct for money. *See* I.C. § 35-45-4-2. On appeal, Childress argues that there was no agreement to pay for sex. Specifically, Childress argues that the amount Detective Castor agreed to pay was for "reflexology massage and conversation", not a sexual encounter. *Appellant's Brief* at 5. Childress admits that she indicated a willingness to engage in sexual activity with Detective Castor, but asserts that she did not request any additional remuneration in exchange.

[8] Childress's argument amounts to a request to reweigh the evidence. Under the circumstances presented here, it was reasonable for the factfinder to infer that the "reflexology massage and good conversation" Childress advertised were merely a front for prostitution. *Id.* Specifically, Childress placed the advertisement in the escort section of a website that Detective Castor and his fellow officers had used to make several prostitution arrests in the past. Based on his training and experience and the wording of the advertisement, which Detective Castor testified said something like "pick your flavor for the favor", Detective Castor believed the ad was soliciting prostitution. *Transcript* at 12. When Detective Castor called to make an appointment, Childress instructed him to meet her at a hotel. They also agreed that he would pay $225 for one hour of Childress's services. Although they did not discuss what specific services would be offered on the telephone, Detective Castor testified that this was typical in prostitution transactions. When Detective Castor met with Childress at the hotel, she asked him if he was a police officer. After briefly massaging Detective Castor's hand, Childress began talking about sexual fetishes and told him she did not do "Greek", which she explained meant anal sex. *Id.* at 43. Detective Castor asked if he could pay extra for anal sex, and Childress said no. Detective Castor then asked if "everything else" was okay, and Childress responded affirmatively. *Id.* at 15. Childress then got out a condom and opened it. At that point, Detective Castor told Childress he was a police officer, and she became upset and asked if he was taking her to jail. These facts were more than sufficient to support a reasonable inference that

Childress agreed or offered to perform sexual intercourse or other sexual conduct for money.

[9] Judgment affirmed.

[10] Riley, J., and Brown, J., concur.