## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 16 2017, 9:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ernest P. Galos
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brilan Keith Williams, *Appellant-Defendant,* | August 16, 2017 |
| v. | Court of Appeals Case No. 71A03-1703-CR-680 |
| | Appeal from the St. Joseph Superior Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable Steven L. Hostetler, Judge |
| | The Honorable Keith Doi, Magistrate |
| | Trial Court Cause No. 71D07-1506-CM-2233 |

**Altice, Judge.**

## Case Summary

Following a bench trial, Brilan K. Williams was convicted of Class A misdemeanor carrying a handgun without a license and Class B misdemeanor possession of marijuana. On appeal, Williams argues that the State presented insufficient evidence to support his conviction for carrying a handgun without a license.

We affirm.

## Facts & Procedural History

On June 22, 2015, Officer David Johnson of the South Bend Police Department was conducting traffic enforcement when he saw a blue Jeep Liberty with no front bumper make a right turn without signaling. Officer Johnson activated his vehicle's lights to initiate a traffic stop, and the Jeep sped up and made another quick turn without signaling. The Jeep ultimately came to a stop in an alley behind a church, and Officer Johnson parked behind it and waited for backup to arrive. While he waited, Officer Johnson saw three people inside the Jeep and observed the driver of the vehicle and the front-seat passenger, who was later identified as Williams, moving around as though they were attempting to hide something.

Within two minutes, Officer Daniel Lawecki arrived to assist Officer Johnson. The two officers approached the Jeep, with Officer Lawecki approaching the passenger side and Officer Johnson approaching driver side. As the officers

approached, they smelled a strong odor of marijuana coming from inside the Jeep. The officers asked Williams and the driver to exit the vehicle. During a pat-down search, Officer Johnson felt an object in Williams's pocket. Officer Johnson asked Williams what it was, and Williams responded, "I don't know, go ahead and look." *Transcript* at 16. Officer Johnson removed the item, which turned out to be a bag of marijuana.

[5] Meanwhile, Officer Lawecki also saw the barrel of a handgun sticking out from under the passenger seat where Williams had been sitting. The gun was a loaded .40 caliber Smith and Wesson. A subsequent search of the vehicle resulted in the discovery of another handgun, a silver revolver, in the pocket on the back of the driver's seat. Officer Johnson determined that Williams did not have a license to carry a handgun, and Williams was arrested and advised of his *Miranda* rights.

[6] Officer Neil Graber then arrived to transport Williams to the county jail. Williams asked Officer Graber what he was being charged with, and Officer Graber informed him of the charges. At that point, Williams told Officer Graber that "the Smith and Wesson .40 is mine, I will take it, I'm not a convicted felon." *Id.* at 57.

[7] Williams was charged with Class A misdemeanor carrying a handgun without a license and Class B misdemeanor possession of marijuana. A bench trial was held on October 25, 2016, and Williams was found guilty as charged. Williams now appeals.

## Discussion & Decision

[8] Williams argues that the State presented insufficient evidence to support his conviction for carrying a handgun without a license. In reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Atteberry v. State*, 911 N.E.2d 601, 609 (Ind. Ct. App. 2009). Instead, we consider only the evidence supporting the conviction and the reasonable inferences flowing therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt, the judgment will not be disturbed. *Baumgartner v. State*, 891 N.E.2d 1131, 1137 (Ind. Ct. App. 2008). It is not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference may reasonably be drawn from it to support the conviction. *Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007).

[9] Ind. Code § 35-47-2-1(a) provides in relevant part that "a person shall not carry a handgun in any vehicle or on or about the person's body without being licensed under this chapter to carry a handgun." In order to satisfy these elements, the State is required to prove that the defendant had either actual or constructive possession of a handgun. *Deshazier v. State*, 877 N.E.2d 200, 204 (Ind. Ct App. 2007), *trans. denied*. It is undisputed that Williams did not have actual possession of a handgun. On appeal, Williams argues that the State failed to establish his constructive possession of the .40 caliber Smith and Wesson.

[10]     When proceeding on a theory of constructive possession, the State must establish that the defendant had both the intent and the capability to maintain dominion and control over the handgun. *Id.* at 205. "We have previously noted five types of evidence the State may use to demonstrate constructive possession of a handgun: '(1) incriminating statements by the defendant; (2) attempted flight or furtive gestures; (3) proximity of the firearm to the defendant; (4) location of the firearm within the defendant's plain view; and (5) the mingling of a firearm with other items owned by the defendant.'" *Id.* at 206 (quoting *Causey v. State*, 808 N.E.2d 139, 143 (Ind. Ct. App. 2004)).

[11]     The Smith and Wesson was located under the passenger seat where Williams was sitting, easily within his reach. Additionally, Officer Johnson observed Williams and the driver of the vehicle making furtive movements, and according to Officer Johnson, it appeared that the men were trying to hide something. Perhaps most importantly, Williams told Officer Graber that the Smith and Wesson belonged to him. On appeal, Williams claims he falsely claimed ownership of the gun in order to protect the other occupants of the vehicle, who were convicted felons and consequently prohibited from possessing handguns. This argument is simply a request to reweigh the evidence, which we will not do on appeal. Moreover, we note that Williams claimed ownership of only one of the two handguns found in the car, and he made specific reference to a ".40 caliber Smith and Wesson", clearly indicating his familiarity with the weapon. *Transcript* at 56. This evidence was sufficient to support Williams's conviction for carrying a handgun without a license.

Judgment affirmed.

Baker, J. and Bailey, J., concur.