## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 29 2017, 9:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lee M. Stoy, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ross E. Embry,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 29, 2017

Court of Appeals Case No.
49A04-1706-CR-1374

Appeal from the Marion Superior Court

The Honorable Clayton A. Graham, Judge

The Honorable Anne Flannelly, Magistrate

Trial Court Cause No.
49G07-1612-CM-49262, 49G07-1701-CM-517

**Altice, Judge.**

## Case Summary

[1] Ross Embry appeals following his convictions for two counts of Class A misdemeanor criminal trespass and argues that the State presented insufficient evidence to support his convictions.

[2] We affirm.

## Facts & Procedural History

[3] On December 29, 2016, Marshal Michael Kiefer of the Rocky Ripple Police Department was called to the IndyGo Transit Center to assist with a patron who was causing a disturbance. Upon Marshal Kiefer's arrival, IndyGo employees directed his attention to Embry, who was in the lobby. The employees informed Marshal Kiefer that Embry had been smoking in the lobby, which was a nonsmoking area, and refused to put his cigarette out when asked. Marshal Kiefer approached Embry, who denied that he had been smoking and became argumentative. Marshal Kiefer eventually asked Embry to leave, but Embry refused and continued to argue. Marshal Kiefer informed Embry that if he did not leave, he would be banned from entering IndyGo property for a year. Embry still did not leave, so Marshal Kiefer issued him a written criminal trespass warning, which provided that "*Your signature indicates that you understand that you are banned from the above named property and that if you violate this notice, you may be arrested.*" *Exhibit Volume*, State's Ex. 1 (emphasis in original). Embry signed just below this warning, and Marshal Kiefer repeatedly explained to Embry that he was not to come back onto the property unless he

received a notice in the mail informing him that he could return. Thereafter, Embry continued to argue and told Marshal Kiefer that he had no right to ban him from the property. After more arguing, Embry finally left.

[4] The next day, Marshal Kiefer and Chief Deputy David Howe of the Southport Police Department were called to respond to a patron causing a disturbance on a bus at the IndyGo Transit Center. When they arrived, they encountered Embry, who was refusing to pay his fare or get off the bus. Embry again began arguing with Marshal Kiefer, stating that he had no right to make him get off the bus or to ban him from IndyGo property. Marshal Kiefer placed Embry under arrest for criminal trespass, and in the process of doing so, found the trespass warning issued the previous day in Embry's pocket.

[5] Embry returned to IndyGo property many times after this incident. Instead of arresting Embry, Marshal Kiefer would usually just order him to leave. Embry would sometimes argue, but he always eventually complied. On January 4, 2017, Deputy Howe was notified that Embry had once again returned to the IndyGo Transit Center. After determining that Embry's trespass warning was still active, Deputy Howe arrested Embry for criminal trespass.

[6] The State charged Embry with two counts of criminal trespass, one for the December 30 incident and one for the January 4 incident. A bench trial was held on June 7, 2017, at the conclusion of which the trial court found Embry guilty as charged. Embry was sentenced to concurrent terms of 365 days with 363 days suspended. Embry now appeals.

## Discussion & Decision

[7] Embry argues that the State presented insufficient evidence to support his convictions. In reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Atteberry v. State*, 911 N.E.2d 601, 609 (Ind. Ct. App. 2009). Instead, we consider only the evidence supporting the conviction and the reasonable inferences flowing therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt, the judgment will not be disturbed. *Baumgartner v. State*, 891 N.E.2d 1131, 1137 (Ind. Ct. App. 2008).

[8] To convict Embry of criminal trespass as a Class A misdemeanor, the State was required to prove that Embry, not having a contractual interest in the property, knowingly or intentionally entered the IndyGo property after having been denied entry by IndyGo or its agent. *See* Ind. Code § 35-43-2-2. On appeal, Embry concedes that he had no contractual interest in the property and that he had been issued a trespass warning by an authorized agent of IndyGo. He argues, however, that the evidence was insufficient to prove that he knowingly or intentionally entered the property in violation of the trespass warning. In support, he directs our attention to his own testimony that he suffers from periodic memory loss due to a chronic illness and could not recall that he had been banned from the IndyGo Transit Center at the time of either arrest.

[9] Embry's arguments are nothing more than requests to reweigh the evidence and judge the credibility of witnesses, which we will not do on appeal. The trial court was not obligated to credit Embry's testimony regarding his alleged memory loss, and it expressly declined to do so. The State presented evidence that on December 29, 2016, Embry signed a written trespass warning and Marshal Kiefer repeatedly told Embry that he was not to return to the property. Marshal Kiefer testified that Embry appeared to understand. Nevertheless, with the trespass warning still in his pocket, Embry came back to the property the next day. When confronted by Marshal Kiefer, Embry asserted that Marshal Kiefer had no right to ban him from the property. Thereafter, Embry repeatedly returned to the property and was told to leave multiple times. Embry continued to ignore the trespass notice and was arrested a second time on January 4, 2017. This evidence was more than sufficient to support Embry's convictions.

[10] Judgment affirmed.

[11] May, J., and Vaidik, C.J., concur.