## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 24 2018, 6:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Victoria L. Bailey
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jourdan Anthony Davis, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff* | January 24, 2018 <br><br> Court of Appeals Case No. 49A04-1706-CR-1293 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Angela Dow Davis, Judge <br><br> Trial Court Cause No. 49G16-1607-F6-27191 |

**Altice, Judge.**

**Case Summary**

[1] Following a bench trial, Jourdan Davis was convicted of two counts of Level 6 felony possession of a narcotic drug, one count of Level 6 felony possession of cocaine, and one count of Class B misdemeanor disorderly conduct. On appeal, Davis argues that the State presented insufficient evidence to support his disorderly conduct conviction, a point which the State concedes.

[2] We reverse in part and remand with instructions to vacate Davis's disorderly conduct conviction.

## Facts & Procedural History

[3] On June 15, 2016, Officer Gregory Shue of the Indianapolis Metropolitan Police Department responded to a call concerning a disturbance at a local motel. Upon his arrival, Officer Shue encountered Davis and Tiarra Cole in the parking lot. Davis was very agitated and screaming at Cole, and when he saw Officer Shue's police car, he quickly walked away. Davis was detained and ultimately found to be in possession of heroin, fentanyl, and cocaine. Although there was testimony that Davis continued to shout at Cole throughout the encounter, no evidence was presented that he was ever told to be quiet.

[4] As a result of these events, Davis was charged with two counts of Level 6 felony possession of a narcotic drug, one count of Level 6 felony possession of cocaine, and one count of Class B misdemeanor disorderly conduct.[1]

---

[1] Davis was also charged with Class A misdemeanor domestic battery and Class A misdemeanor battery, but these charges were dismissed during trial.

Following a bench trial, Davis was found guilty as charged. Davis was sentenced to 365 days on each Level 6 felony conviction and 60 days on the Class B misdemeanor conviction, with all sentences to be served concurrently. Davis now appeals.

## Discussion & Decision

[5] On appeal, Davis challenges the sufficiency of the evidence supporting his disorderly conduct conviction only. In reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Atteberry v. State*, 911 N.E.2d 601, 609 (Ind. Ct. App. 2009). Instead, we consider only the evidence supporting the conviction and the reasonable inferences flowing therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt, the judgment will not be disturbed. *Baumgartner v. State*, 891 N.E.2d 1131, 1137 (Ind. Ct. App. 2008).

[6] In order to support Davis's conviction for Class B misdemeanor disorderly conduct, the State was required to prove that Davis recklessly, knowingly, or intentionally made unreasonable noise and continued to do so after being asked to stop. *See* Ind. Code § 35-45-1-3(a)(2); *Martin v. State*, 499 N.E.2d 273, 275 (Ind. Ct. App. 1986) (explaining that "[t]o convict for disorderly conduct, the trier of fact must find that there was unreasonable noise, followed by an admonition to stop, which was in turn followed by more unreasonable noise").

[7] Davis does not dispute that he made unreasonable noise, but he argues that no evidence was presented to establish that Officer Shue or anyone else ever told him to stop. The State concedes as much and agrees that Davis's disorderly conduct conviction must be reversed. Accordingly, we reverse and remand with instructions to vacate Davis's disorderly conduct conviction and the sentence imposed thereon. Because the trial court imposed concurrent sentences, Davis's aggregate sentence will not be affected.

[8] Judgment reversed in part and remanded with instructions.

May, J. and Vaidik, C.J., concur.