**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 06 2013, 5:38 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JEFFREY E. KIMMELL**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LAMAR ALLEN COLLEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A05-1302-CR-89 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE SAINT JOSEPH SUPERIOR COURT
The Honorable Richard McCormick, Magistrate
Cause No. 71D01-1204-CM-1962

**August 6, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Following a bench trial, Lamar Allen Colley was convicted of Battery[1] and Interference with Reporting a Crime,[2] both as class A misdemeanors. Colley appeals and argues that the State presented insufficient evidence to support his convictions.

We affirm.

On March 11, 2012, Colley and his girlfriend, Michelle Garrett, got into an argument at a bar in South Bend. Colley was ejected from the bar for striking Garrett, and Garrett and Colley then left in Garrett's car, with Colley driving, to return to their home in Mishawaka. During the drive, Colley struck Garrett several times in the face with his fist, causing extensive bruising. When Garrett tried to open the car door to escape, Colley grabbed her by the hair, causing pain. When they arrived at the house, Garrett told Colley she was going to use her cell phone to dial 911. Colley then took the phone and threw it on the floor, breaking it.

Two days later, Garrett's family took her to the Mishawaka Police Department to report the incident. Police took a report and photographed Garrett's injuries, and Colley was charged with battery and interference with reporting a crime. A bench trial was held on December 18, 2012, and the court found Colley guilty as charged. Colley now appeals.

Colley contends that the State presented insufficient evidence to support his convictions. In reviewing challenges to the sufficiency of evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Atteberry v. State*, 911 N.E.2d 601 (Ind. Ct.

---

[1] Ind. Code Ann. § 35-42-2-1 (West, Westlaw current with all 2013 legislation).
[2] Ind. Code Ann. § 35-45-2-5 (West, Westlaw current with all 2013 legislation).

App. 2009). Instead, we consider only the evidence supporting the conviction and the reasonable inferences to be drawn therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt, the judgment will not be disturbed. *Baumgartner v. State*, 891 N.E.2d 1131 (Ind. Ct. App. 2008).

In order to convict Colley of class A misdemeanor battery as charged, the State was required to prove that Colley struck Garrett in a rude, insolent, or angry manner, and that the touching resulted in bodily injury. *See* I.C. § 35-42-2-1. In order to convict Colley of class A misdemeanor interference with reporting of a crime as charged, the State was required to prove that Colley, with the intent to commit or conceal the commission of a crime, knowingly or intentionally interfered with or prevented Garrett from using a 911 emergency telephone system. *See* I.C. 35-45-2-5.

Garrett testified that Colley struck her several times in the face with his fist and grabbed her by the hair, causing pain and bruising. Additionally, photographs of Garrett's injuries were admitted into evidence at trial. Garrett testified further that when she told Colley she was going to call 911, he threw her cell phone on the floor, breaking it. This evidence is plainly sufficient to support both of Colley's convictions. *See Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012) (noting that "[a] conviction can be sustained on only the uncorroborated testimony of a single witness, even when that witness is the victim"). Colley's arguments to the contrary are nothing more than blatant requests to judge the credibility of a witness, which we will not do.

Judgment affirmed.

BAKER, J., and VAIDIK, J., concur.