**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JEFFREY E. KIMMELL**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LAMAR ALLEN COLLEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A04-1302-CR-75 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE SAINT JOSEPH SUPERIOR COURT
The Honorable Brian Steinke, Magistrate
Cause No. 71D01-1203-CM-1747

**August 14, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Following a bench trial, Lamar Allen Colley was convicted of Battery[1] as a class A misdemeanor. Colley appeals and argues that the State presented insufficient evidence to support his conviction.

We affirm.

On March 29, 2012, Colley invited his ex-girlfriend, Michelle Garrett, to his house to discuss getting back together. Although Garrett had moved out of the house earlier that month, she agreed to come over. Garrett and Colley were drinking beer together inside the house when Garrett's daughter, who was concerned for her mother's safety, started repeatedly calling Garrett. Colley became angry about the phone calls and accused Garrett of "talking to a guy." *Transcript* at 14. Colley then became angrier when Garrett told him she did not intend to stay the night. Colley demanded Garrett's cell phone, which was in her purse, but because Colley had broken three of her cell phones in the past, Garrett lied and told him her phone was in her car. When Colley went outside to search for the phone, Garrett grabbed her purse and ran out of the house toward a nearby convenience store, where she intended to call her daughter to come and pick her up.

When Colley spotted Garrett fleeing from the house, he chased her and grabbed her by the back of her shirt and her hair and began dragging her back to the house. Garrett was wearing flip-flops, and as Colley dragged her on the ground, her feet became scraped and started bleeding. Garrett was in pain, scared, and crying. At some point, a pizza delivery man stopped his car and called out to them, and Garrett screamed for him to call the police.

---

[1] Ind. Code Ann. § 35-42-2-1 (West, Westlaw current with all 2013 legislation).

Colley then dragged Garrett back into the house and into a bedroom, where he threw her onto the bed and straddled her. Garrett then saw flashing red and blue lights from police cars, and she tried to call out, but Colley held pillows over her face.

Police knocked and announced themselves at the front door, and entered when they heard Garrett's calls for help. Garrett managed to get free and ran to the officers at the front door. The officers took Garrett's statement and photographed her injuries, and Colley was taken into custody. The next day, the State charged Colley with class A misdemeanor battery. A bench trial was held on January 8, 2013, and Colley was found guilty as charged. Colley now appeals.

Colley contends that the State presented insufficient evidence to support his conviction. In reviewing challenges to the sufficiency of evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Atteberry v. State*, 911 N.E.2d 601 (Ind. Ct. App. 2009). Instead, we consider only the evidence supporting the conviction and the reasonable inferences to be drawn therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt, the judgment will not be disturbed. *Baumgartner v. State*, 891 N.E.2d 1131 (Ind. Ct. App. 2008).

In order to convict Colley of class A misdemeanor battery as charged, the State was required to prove that Colley touched Garrett in a rude, insolent, or angry manner, and that the touching resulted in bodily injury—in this case, pain. *See* I.C. § 35-42-2-1; Ind. Code Ann. § 35-31.5-2-29 (West, Westlaw current with all 2013 legislation) (defining bodily injury

3

as "any impairment of physical condition, including physical pain"). Garrett testified that Colley dragged her across the ground by her shirt and hair, causing her pain and leaving her feet scraped and bloody, and photographs of these injuries were admitted into evidence at trial. Garrett testified further Colley held pillows over her face, preventing her from breathing. This evidence is plainly sufficient to support Colley's battery conviction. *See Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012) (noting that "[a] conviction can be sustained on only the uncorroborated testimony of a single witness, even when that witness is the victim"). Colley's arguments to the contrary are nothing more than blatant requests to judge the credibility of a witness and consider evidence unfavorable to the verdict, which we will not do on appeal.

Judgment affirmed.

BAKER, J., and VAIDIK, J., concur.