Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 22 2013, 6:04 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ISAIAH ADAMS | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1212-CR-605 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Barbara C. Crawford, Judge
Cause No. 49G21-1209-CM-62881

**August 22, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Isaiah Adams ("Adams") appeals his conviction for Class A misdemeanor invasion of privacy, arguing that the evidence was insufficient to support his conviction.

We affirm.

**Facts and Procedural History**

On September 10, 2012, Indianapolis Metropolitan Police Officers Robert Chandler and Pamela Lee performed a traffic stop after observing a vehicle fail to stop at a stop sign. There were three people inside the vehicle—a female driver and two male passengers.

Officer Chandler approached the vehicle and requested identification from the female driver, who gave him her learner's permit. The permit identified the driver as Alyssa Landis ("Landis"). After Officer Chandler performed a records check, he learned that Landis's driver's license was suspended and that an active protective order prohibited Adams from being in contact with Landis.

While Officer Chandler identified Landis, Officer Lee requested identification from the two male passengers. After receiving identification, Officer Lee performed a records check on the two men, one of whom was Adams. In doing so, Officer Lee also discovered that an active protective order prohibited Adams from having contact with Landis.

Landis reported to Officer Chandler that the protective order was no longer valid. When Officer Chandler contacted the control operator, however, the operator confirmed that the protective order was still in effect and that Adams had been properly served with

the order. Based on that information, the officers arrested both Landis and Adams. Adams was charged with Class A misdemeanor invasion of privacy.

On November 1, 2012, Adams was convicted as charged in a bench trial and sentenced to 365 days with credit for time served of four days and the balance of 357 days suspended, with 180 days suspended to probation. Landis did not appear at trial as a witness. During the trial, over Adams's counsel's objection, the State provided Officer Chandler with a booking photo of Landis for the purpose of refreshing Officer Chandler's recollection as to Landis's identity. Officer Chandler identified the photo as Alyssa Landis, the driver of the car he stopped on September 10, 2012.

Adams now appeals his conviction, arguing that the State failed to present sufficient evidence that the young woman who was driving the car in which Adams was a passenger was in fact Alyssa Landis, the protected person.

**Discussion and Decision**

When we review a challenge to the sufficiency of the evidence, we consider only the evidence that supports the conviction and the reasonable inferences that may be drawn from that evidence. Atteberry v. State, 911 N.E.2d 601, 609 (Ind. Ct. App. 2009). We do not reweigh the evidence or judge the credibility of witnesses. Id. The evidence need not overcome every reasonable theory of innocence. Drane v. State, 867 N.E.2d 144, 147 (Ind. 2007). As long as there is substantial evidence of probative value that could lead the trier of fact to determine, beyond a reasonable doubt, that the defendant was guilty of the crime charged, the judgment will not be disturbed. Baumgartner v. State, 891 N.E.2d 1131, 1137 (Ind. Ct. App. 2008). A conviction may be sustained by

3

circumstantial evidence alone if the evidence supports a reasonable inference of guilt. Maul v. State, 731 N.E.2d 438, 439 (Ind. 2000).

In order to support Adams's Class A misdemeanor invasion of privacy conviction, the State was required to prove that Adams knowingly or intentionally violated a valid protective order. Ind. Code § 35-46-1-15.1(1). The question is not whether the victim knowingly ignored the protective order. Instead, the question is whether the defendant knowingly violated the order. Dixon v. State, 869 N.E.2d 516, 520 (Ind. Ct. App. 2007).

The protective order prohibiting Adams from having contact with Landis was issued on August 1, 2011 and was reinstated on December 1, 2011. It was not to expire until August 9, 2013. Adams was served with a copy of the reinstated order on December 2, 2011. Both the original protective order and the motion to reinstate the protective order were signed by Landis. At the time of the September 10, 2012 traffic stop, Officers Chandler and Lee identified both Landis and Adams in the same vehicle and verified with the control operator that the protective order was still in effect and that Adams had been served with a copy of the order. This evidence is sufficient to allow the trier of fact to determine beyond a reasonable doubt that a valid protective order was in place and that Adams knowingly violated the protective order.

Adams argues that the State failed to provide sufficient evidence that the driver of the vehicle stopped by Officer Chandler on September 10, 2012 was Alyssa Landis. More specifically, Adams argues that Officer Chandler did not adequately identify Landis at trial.

4

Adams's argument amounts to a request that we reweigh the evidence and substitute our own judgment for that of the fact finder. We will not do so. See McHenry v. State, 820 N.E.2d 124, 127 (Ind. 2005). Officer Chandler testified that Landis was sitting in the driver's seat of the vehicle and that Landis gave Officer Chandler her learner's permit as identification. Officer Chandler used the learner's permit to access Landis's record on his computer. At trial, both Officer Chandler and Officer Lee identified Landis as the driver of the vehicle. This evidence was sufficient to support the trial court's conclusion that Alyssa Landis was the driver of the car stopped by Officers Chandler and Lee.

## Conclusion

For all of these reasons, we conclude that the State presented sufficient evidence to support Adam's Class A misdemeanor invasion of privacy conviction.

Affirmed.

NAJAM, J., and BROWN, J., concur.