Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 31 2013, 5:35 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SEAN P. HILGENDORF**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KEVIN JAMES PORTER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1303-CR-94 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable R.W. Chamblee, Jr., Judge
Cause No. 71D08-1211-FC-273

**October 31, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Kevin Porter ("Porter") was convicted in St. Joseph Superior Court of Class C felony burglary. Porter appeals and argues that the evidence is insufficient to support his conviction.

We affirm.

**Facts and Procedural History**

On or about November 12, 2012, Ron's McKinley Marathon Station ("Ron's Marathon") in South Bend, Indiana was burglarized. During the burglary, the alarm system was triggered and police officers were dispatched to the business. The front door to the business had been pried open, and the owner's office door, which is closed and locked at night, was open. The owner of Ron's Marathon told the officers that over $440 in cash and rolled coins were stolen, in addition to two counterfeit twenty dollar bills and a novelty Bill Clinton "sex dollar bill", which had been taped to the wall of the office.

That same night, South Bend police officers were monitoring the location of a vehicle owned by Alvin Richards because the officers believed that he had been involved in a series of burglaries. Pursuant to a search warrant, the officers had placed a GPS monitoring device on the car. Between 1:20 and 1:21 a.m., the vehicle stopped in the area of Ron's Marathon. Minutes later, the officers received the dispatch concerning the burglary. At 1:37 a.m., officers performed a traffic stop of Richard's vehicle. Alvin Richards was driving the vehicle and Porter was the only passenger.

Officer Waite, who was present at the traffic stop, returned to Ron's Marathon and viewed the security footage from the burglary. The surveillance video recorded two men in the store: one man was shorter and heavier and wearing all dark clothing; the other was

2

taller and thinner and wearing a gray hooded sweatshirt, gloves, dark pants, and white tennis shoes. Officer Waite identified Richards as the shorter man and Porter as the taller man shown in the video. During the traffic stop, the officer had observed that Porter was wearing dark pants and white tennis shoes.

When Porter and Richards were searched incident to their arrest, Richards had cash in his pocket and a counterfeit twenty dollar bill. Porter had $250 in cash and a pair of gloves with "grippy dots." Tr. p. 110. Pursuant to a warrant, the officers searched Richards' vehicle and found a gray hooded sweatshirt matching the description of the sweatshirt worn by Porter during the burglary, a crowbar, and sledgehammer. In the glove compartment, the officers found cash, rolled coins, a second counterfeit twenty dollar bill, and a novelty Bill Clinton "sex dollar bill."

Thereafter, Porter was charged with Class C felony burglary and with being an habitual offender. A jury trial was held on January 29, 2013, and Porter was found guilty as charged. The trial court ordered him to serve eight years in the Department of Correction for the burglary conviction and enhanced that sentence by an additional twelve years for the habitual offender adjudication. Six years of Porter's sentence were suspended to probation. Porter now appeals.

**Discussion and Decision**

Porter argues that the evidence is insufficient to support his Class C felony burglary conviction. Upon a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. Chappell v. State, 966 N.E.2d 124, 129 (Ind. Ct. App. 2012) (citing McHenry v. State, 820 N.E.2d 124, 126 (Ind.

3

2005)), trans. denied. Rather, we consider only the probative evidence supporting the conviction and the reasonable inferences to be drawn therefrom. Id. If there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt, then the verdict will not be disturbed. Baumgartner v. State, 891 N.E.2d 1131, 1137 (Ind. Ct. App. 2008).

Indiana Code section 35-43-2-1 provides that "[a] person who breaks and enters the building or structure of another person, with the intent to commit a felony in it, commits burglary[.]" Porter argues that the State failed to prove that he broke and entered Ron's Marathon with intent to commit theft therein. See Appellant's App. p. 5. He claims the State only proved that he was present in Richards' vehicle shortly after the burglary.

The State presented evidence that Richards' vehicle was stopped near Ron's Marathon at approximately the same time the burglary occurred. Two men broke and entered Ron's Marathon. Although their faces were not clearly visible on the surveillance video, Richards' and Porter's respective physical appearances matched the men seen on the video.

Approximately fifteen minutes after the burglary was committed, police officers initiated the traffic stop of Richards' vehicle. Porter was wearing clothing matching that worn by the taller man seen on the surveillance video. Although he was not wearing a hooded sweatshirt at the time of the stop, a hooded sweatshirt matching the one seen on the surveillance video was found in the car. During the search incident to his arrest,

4

police officers discovered $250 cash in Porter's pocket. Porter also had gloves in his pocket that matched the gloves one of the men was wearing on the surveillance video. Other items stolen during the burglary, including cash, rolled coins, a counterfeit twenty dollar bill, and the Bill Clinton novelty "sex dollar bill," were found in the glove compartment of the car.

This evidence is sufficient to prove that Porter burglarized Ron's Marathon.[1] We therefore affirm his conviction for Class C felony burglary.

Affirmed.

NAJAM, J., and BROWN, J., concur.

---

[1] Porter also argues that this case should be analyzed under a theory of accomplice liability, and claims that the State failed to prove that he aided Richards in the commission of the burglary. See Ind. Code § 35-41-2-4. However, as the evidence is sufficient to prove that Porter actively participated in the burglary, and we need not address this additional argument.