Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



ATTORNEYS FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GREGORY POLING, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 01A02-1306-CR-558 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE ADAMS SUPERIOR COURT
The Honorable Patrick Miller
Cause No. 01D01-1202-FD-21

**January 15, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

MATHIAS, Judge

Gregory Poling ("Poling") appeals his conviction for Class D felony theft following a jury trial. He presents a single issue on appeal: whether the State presented sufficient evidence to support his conviction.

We affirm.

**Facts and Procedural History**

Selking International is a Decatur, Indiana business that performs maintenance and repairs on commercial trucks. Its repair work generates scrap metal and other recyclable materials, known as "salvage." Selking employees regularly collect this salvage and place it behind Selking's building in a bin located next to the trash dumpster, where an outside vendor collects the salvage to recycle it for cash. The sale of the salvage produces approximately $500.00 per month in revenue, which is used to pay for Selking employee bonuses and parties.

In late October or early November of 2011, the business's service manager, Brock Selking ("Brock"), and its general manager, James Selking ("James"), began to notice that pieces of salvage were disappearing from the bin and also that the revenue earned from selling the salvage had recently decreased. Then, in early February 2012, an aluminum fuel tank worth around $1,300 new and at least $100 as salvage was removed from a truck under repair and temporarily stored next to the salvage bin. Shortly thereafter, the fuel tank was stolen.

2

James Selking called the Adams County Sheriff's Department to report the theft. Lieutenant Gary Burkhart ("Lieutenant Burkhart") from the Sheriff's Department came to the business to investigate the crime. Lieutenant Burkhart suggested that Selking install security cameras to survey the salvage bin area and to help determine who might be stealing the salvage. Thereafter, Brock Selking installed two security cameras at the back of the Selking building, facing the salvage bin. The cameras were motion activated and, once activated, recorded photographs at thirty-second intervals. The cameras stored the photographs on a memory card inside the camera.

On Sunday, February 19, 2012, at approximately 9:14 a.m.,[1] the security cameras captured an image of Poling, inside his blue pickup truck and looking out his truck window into the salvage bin. On Saturday, February 25, 2012, Brock Selking marked two brake drums and two truck batteries and placed them in the salvage bin as bait. When Brock returned to work on Monday, February 27, the brake drums and batteries were gone. Later that morning, Brock retrieved four photographs from the security camera. The photos were taken between 2:27 a.m. and 2:39 a.m. on February 27, 2012. The photographs depicted Poling and his pickup truck parked next to the salvage bin and also showed Poling approaching the salvage bin.

That same day, Brock gave the photographs to Lieutenant Burkhart. Burkhart interviewed Poling the following day, February 28. When Burkhart showed Poling the photographs taken by the security cameras, Poling admitted that he was the person

---

[1] Selking was closed for business at this time.

3

depicted in the photographs. He also admitted that he took the brake drums and batteries from the salvage bin and sold them.[2]

On February 29, 2012, the State charged Poling with Class D felony theft. On April 9, 2013, a jury convicted Poling on that charge. On May 23, 2013, the trial court ordered Poling to serve 730 days in the Department of Correction. Poling now appeals.

**Discussion and Decision**

Poling argues that the evidence presented by the State is insufficient to support his Class D felony theft conviction. Upon a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. Chappell v. State, 966 N.E.2d 124, 129 (Ind. Ct. App. 2012) (citing McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005)), trans. denied. Rather, we consider only the probative evidence supporting the conviction and the reasonable inferences to be drawn therefrom. Id. If there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt, then the verdict will not be disturbed. Baumgartner v. State, 891 N.E.2d 1131, 1137 (Ind. Ct. App. 2008).

To prove that Poling committed Class D felony theft, the State was required to show beyond a reasonable doubt that he "knowingly or intentionally exert[ed] unauthorized control over property of another person, with intent to deprive the other

---

[2] Polling fails to mention either of his admissions in his brief. We remind counsel that Indiana Appellate Rule 46(A)(6) requires the statement of facts section in the appellant's brief to describe in narrative form "the facts relevant to the issues presented for review". This provision imposes on appellate counsel the ethical duty to represent the record accurately and include in its brief all evidence favorable to the verdict, including an unchallenged admission of a defendant, such as Poling made in this case.

4

person of any part of its value or use[.]" Ind. Code § 35-43-4-2. Poling challenges the jury's determination that he is the person who took the pieces of salvage from the salvage bin at Selking. Specifically, he argues:

> The employees at Selking knew approximately when the items were taken from the scrap metal bin. Yet when they reviewed the images taken by the trail camera, they did not show Poling moving these heavy items to the bed of his truck. In fact, the images merely show Poling approaching the scrap metal bin with his hands empty. Anyone had the ability to take items from the scrap bin. Thus, it is possible that someone else could have stolen the items.

Appellant's Br. at 5.

Here, two brake drums and two batteries were placed in the salvage bin on the morning of Saturday, February 25, 2012 as bait. When the business reopened at 7 a.m. on Monday, February 27, the items were gone. The security cameras installed to survey the area where the salvage bin was located were motion activated between 2:27 a.m. and 2:29 a.m. on the morning of February 27, recording four images. These were the only photographs taken between 9 a.m. on Saturday, February 25 and 7 a.m. on Monday, February 27. The images depict Poling and his pickup truck next to the salvage bin and also show Poling outside of his truck, moving toward the bin. Poling admitted to Lieutenant Burkhart that he was the man depicted in the photographs and also admitted that he took the brake drums and batteries.

This evidence is sufficient to convict Poling of Class D felony theft. Poling's argument to the contrary is merely an invitation to reweigh the evidence and the credibility of the witnesses, which we will not do. See McHenry, 820 N.E.2d at 126.

5

For all of these reasons, we conclude that the State presented sufficient evidence to support Poling's Class D felony theft conviction.

Affirmed.

BRADFORD, J., and PYLE, J., concur.