## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Terry Sowell
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

February 11, 2015

Court of Appeals Cause No.
49A05-1407-CR-298

Appeal from the Marion Superior
Court Criminal Division 8
The Honorable Amy Jones, Judge
Pro Tempore
Case No. 49F08-1403-CM-013550

**Friedlander, Judge.**

[1] Terry Sowell appeals his convictions of two counts of class A misdemeanor Battery.[1] He presents the following issue for our review: Did the State present sufficient evidence to support his convictions?

[2] We affirm.

[3] On the evening of March 15, 2014, Sowell was at the residence he shared with his wife and two stepchildren, twenty-year old Tamara and sixteen-year-old W. Tamara and W. overheard Sowell shouting at their mother in the kitchen and went to investigate. When they got to the kitchen, however, they saw that their mother was no longer in the room, so they walked down the hallway back toward their respective bedrooms. Sowell followed them, telling them that they were rude and disrespectful. Tamara told Sowell that he did not know what he was talking about, and Sowell responded by throwing a hard plastic cup with liquid at Tamara, striking her in the face and causing her pain. Tamara responded by hitting Sowell, and Sowell then grabbed Tamara by the hair and the two fell to the floor. Sowell began choking Tamara. When W. saw what was happening, he grabbed a knife and stabbed Sowell twice in the back. Sowell then got up and chased W. out of the house. When Sowell caught up

---

[1] Ind. Code Ann. § 35-42-2-1 (West, Westlaw current with all 2014 Public Laws of the 2014 Second Regular Session and Second Regular Technical Session of the 118th General Assembly).

with W., he threw him to the ground and stuck his finger in W.'s eye, causing pain. Sowell then got off of W., went back into the house, and told W. and Tamara to stay out of the house.

[4] Tamara then re-entered the house to get her shoes, and W. accompanied her. Sowell told them to call their father because he wanted to fight him. Tamara knocked the phone out of Sowell's hand and she and W. then ran outside with Sowell in pursuit. Sowell began throwing things at W., including a grill, a two by four, and a chair. The chair grazed W.'s leg. Sowell then grabbed Tamara and pinned her to the ground. W., who had obtained another knife, then cut Sowell's arm, causing him to release Tamara. Tamara then got up and went to find her mother, but by that time the police had arrived. After police spoke with the family, Sowell was arrested.

[5] The State charged Sowell with two counts of class A misdemeanor battery, one count listing Tamara as the victim and the other listing W. as the victim. A bench trial was held on June 4, 2014, and Sowell was found guilty as charged. Sowell now appeals.

[6] Sowell argues that the State presented insufficient evidence to support his convictions. In reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Atteberry v. State*, 911 N.E.2d 601 (Ind. Ct. App. 2009). Instead, we consider only the evidence supporting the conviction and the reasonable inferences to be drawn therefrom. *Id.* If there is substantial evidence of probative value from which a

reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt, then the judgment will not be disturbed. *Baumgartner v. State*, 891 N.E.2d 1131 (Ind. Ct. App. 2008). It is not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference may reasonably be drawn from it to support the conviction. *Drane v. State*, 867 N.E.2d 144 (Ind. 2007).

[7] In order to convict Sowell of both counts of class A misdemeanor battery as charged, the State was required to prove that he knowingly touched both Tamara and W. in a rude, insolent, or angry manner and that the touching resulted in bodily injury. *See* I.C. § 35-42-2-1. On appeal, Sowell challenges only the intent element of the offenses; that is, he asserts that the State presented insufficient evidence to prove that he acted knowingly.

[8] Intent is a mental state and, absent an admission by the defendant, the trier of fact must resort to the reasonable inferences drawn from both the direct and circumstantial evidence to determine whether the defendant had the requisite intent to commit the offense in question. *Stokes v. State*, 922 N.E.2d 758 (Ind. Ct. App. 2010), *trans. denied*. A person's conduct is knowing "if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code Ann. § 35-41-2-2 (West, Westlaw current with all 2014 Public Laws of the 2014 Second Regular Session and Second Regular Technical Session of the 118th General Assembly).

Sowell argues that he could not have acted knowingly because he was being physically attacked by Tamara and W. According to Sowell, "[w]hen one is under assault by others, it cannot be argued that he acts knowingly when he is being stabbed in the back." *Appellant's Brief* at 6. This argument is nothing more than a request to reweigh the evidence and judge the credibility of witnesses. The evidence favorable to the judgment establishes that Sowell initiated the altercation with Tamara by throwing a cup at her face. When Tamara hit him back, he grabbed her hair and began choking her when they fell to the ground. W. then came to his sister's defense by stabbing Sowell in the back. Sowell then got up and chased W. outside, where he threw him to the ground and poked him in the eye. It was certainly reasonable for the trial court to infer from these actions that Sowell acted knowingly.

Moreover, even if Sowell had acted in response to being attacked, this would not mean that he did not act knowingly; rather, it would raise the possibility that his actions were justified as self-defense. Sowell concedes that he is precluded from raising self-defense on appeal because it was not offered as a defense at trial. Nevertheless, his sufficiency argument is a thinly-veiled attempt to do just that—although he cites no authority and develops no cogent analysis in support of a self-defense claim. *See Smith v. State*, 822 N.E.2d 193, 202-03 (Ind. Ct. App. 2005) ("a party waives any issue raised on appeal where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record"), *trans. denied.* Waiver notwithstanding, we note that the defense of self-defense is not available when the defendant "has

entered into combat with another person or is the initial aggressor unless the person withdraws from the encounter and communicates to the other person the intent to do so and the other person nevertheless continues or threatens to continue unlawful action." I.C. § 35-41-3-2 (West, Westlaw current with all 2014 Public Laws of the 2014 Second Regular Session and Second Regular Technical Session of the 118th General Assembly). *See also Weedman v. State*, 21 N.E.3d 873 (Ind. 2014). The evidence set forth above establishes that Sowell was the initial aggressor in this incident, and there is no indication that he attempted to withdraw from the encounter or communicated his intent to do so. For all of these reasons, Sowell's convictions were supported by sufficient evidence.

[11] Judgment affirmed.

Kirsch, J., and Crone, J., concur.