## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 24 2016, 8:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

P. Jeffrey Schlesinger
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dominique Randolph,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | March 24, 2016<br><br>Court of Appeals Case No.<br>45A03-1508-CR-1118<br><br>Appeal from the Lake Superior Court<br><br>The Honorable Salvador Vasquez, Judge<br><br>Trial Court Cause No.<br>45G01-1412-F3-22 |

**Altice, Judge.**

**Case Summary**

[1] Following a jury trial, Dominique Randolph was convicted of Armed Robbery, a Level 3 felony. On appeal, Randolph presents two issues: Did the trial court abuse its discretion when it allowed the State to introduce evidence of a subsequent robbery pursuant to Ind. Evidence Rule 404(b), and is the evidence sufficient to sustain his conviction?

[2] We affirm.

## Facts & Procedural History

[3] On December 8, 2014, fifteen-year-old N.R. came home from school. After completing household chores, he walked to a friend's house located on Cedar Avenue. He left his friend's house around 6:00 p.m. and began to walk home. On his way northbound on Cedar Avenue, N.R. was approached by three male individuals who rushed up to him. When N.R. resisted having his pockets rummaged through, one of the men pointed a gun at N.R. Another struck him across the face with a gun, which caused N.R. pain and also knocked a lens from his glasses. All three of the men were armed. The third, later identified as Randolph, took N.R.'s cell phone and five dollars from N.R.'s pocket. The men then ran from the scene toward Pine Avenue, and N.R. went back to his friend's house where the police were called.

[4] Hammond Police Officer Gabriel Gutierrez was dispatched to the home on Cedar Avenue. After speaking with N.R., Officer Gutierrez received information that other officers had stopped three suspects in the area. Randolph had been found in the back seat of a vehicle on Pine Avenue, one

block east and one block south of where N.R. was robbed. Randolph provided the officer with a fictitious name when removed from the vehicle.

[5] Officer Gutierrez took N.R. to the location where there were three suspects were being detained. The officers conducted a show-up identification, in which N.R. positively identified Randolph as the individual who took his cell phone and money out of his pocket.

[6] On December 11, 2014, the State charged Randolph with armed robbery, a Level 3 felony. A jury trial was conducted on June 15-17, 2015. Prior to the trial, the State filed a notice that it intended to use evidence of another robbery Randolph had allegedly committed that same day. Randolph filed a motion in limine regarding this issue, and the trial court denied the motion following a hearing.

[7] Over Randolph's objection at trial, the State was permitted to introduce testimony from Thomas O'Neill, who indicated that Randolph robbed him at gunpoint on Cedar Street within minutes of the robbery of N.R. Prior to this brief testimony, the trial court admonished the jury that this evidence should be considered only "for identification of the defendant and for no other purpose, please. And the location." *Transcript* at 46. In addition to this admonishment, the trial court gave the jury a cautionary instruction as part of its final instructions. Instruction 3A stated as follows: "Evidence has been introduced that the defendant was involved in a crime other than that charged in the information. This evidence has been received solely on the issue of Defendant's

identity. This evidence should be considered by you only for that limited purpose." *Appendix* at 54.

[8] The jury found Randolph guilty as charged. On July 10, 2015, the trial court sentenced Randolph to nine years in prison with four of those years suspended to probation. Additional facts will be provided as needed below.

## Discussion & Decision

## Admission of Evidence

[9] Randolph challenged the admission of evidence regarding the robbery of O'Neill. He contends the trial court abused its discretion in admitting this evidence under Ind. Evidence Rule 404(b) because the circumstances of the two robberies are not similar enough to constitute signature crimes with a common *modus operandi*.

[10] We review a trial court's decision regarding the admissibility of evidence for an abuse of discretion. *Bishop v. State*, 40 N.E.3d 935, 943 (Ind. Ct. App. 2015), *trans. denied*. An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances, or if the court has misinterpreted the law. *Blount v. State*, 22 N.E.3d 559, 564 (Ind. 2014). Further, errors in the exclusion of evidence are generally to be disregarded as harmless unless they affect the substantial rights of the defendant. *Allen v. State*, 813 N.E.2d 349, 361 (Ind. Ct. App. 2004), *trans. denied*. "In determining whether an evidentiary ruling affected a party's substantial rights, the court

assesses the probable impact of the evidence on the trier of fact." *Hyser v. State*, 996 N.E. 2d 443, 448 (Ind. Ct. App. 2013).

[11]     Over Randolph's objection, the State introduced brief testimony from O'Neill wherein he stated that Randolph robbed him at gunpoint on December 8, 2014, between 6:00 and 6:30 p.m. on Cedar Street. The O'Neill robbery occurred within a block of where N.R. was robbed. The trial court admonished the jury prior to the introduction of this evidence, as well as during the final jury instructions. On both occasions, the court instructed the jury that they should consider the evidence solely on the issue of identity.

[12]     Ind. Evidence Rule 404(b)(1) provides that evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. Such evidence, however, may be admissible for other purposes, such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Ind. Evidence Rule 404(b)(2). The rule was designed to assure that the State, relying on evidence of uncharged misconduct, may not punish a person for his character. *Bishop*, 40 N.E.3d at 951.

[13]     The standard for assessing the admissibility of 404(b) evidence is: (1) the court must determine that the evidence of other crimes, wrongs, or acts is relevant to a matter at issue other than the defendant's propensity to commit the charged act; and (2) the court must balance the probative value of the evidence against its unfair prejudicial effect pursuant to Ind. Evidence Rule 403. *Bishop*, 40

N.E.3d at 951.  In determining whether the trial court abused its discretion, we employ the same test.  *Id*. at 952.

[14]  In this case, the evidence was admitted for the limited purpose of establishing identity.  Randolph correctly observes that evidence of other crimes admitted under the identity exception are generally evaluated based on whether the crimes are signature crimes with a common *modus operandi*.  *Id*.  The signature crime test focuses on the similarity and uniqueness between the charged and uncharged conduct rather than the time frame between the different criminal episodes.  *Id*. at 952-53.  "It is for this reason that our precedent has set a high bar for admitting signature crime evidence, focusing instead on whether the crimes are 'so strikingly similar that one can say with reasonable certainty that one and the same person committed them.'"  *Id*. at 953 (quoting *Davis v. State*, 598 N.E.2d 1041, 1048 n.2 (Ind. 1992)).  Courts need not look to the signature crime test, however, when the challenged evidence is so specifically and significantly related to the charged crime in time, place, and circumstance as to be logically relevant to one of the particular excepted purposes.  *Id*. at 952.

[15]  Here, the evidence establishes that the robbery of O'Neill occurred on the same street and within minutes of N.R.'s.[1]  The armed robberies happened within a block of each other, and both victims identified Randolph as one of their

---

[1] The record reflects that the 911 calls for each robbery came into dispatch at 6:14 p.m. and 6:15 p.m.

attackers.[2]  Under the circumstances, evidence of O'Neill's robbery was relevant to the issue of identification in this case.  *See id*. at 953 (evidence of other shooting was relevant to show identity based on the closeness in time (same evening), place (same city), and circumstance (same motive and same firearm)).  Further, the testimony regarding this second robbery was limited, and the trial court gave a cautionary instruction to the jury before the admission of the testimony and during final instructions.  The evidence was highly relevant, and its probative value outweighed any unfair prejudicial effect it might have had on Randolph.  Accordingly, the trial court did not abuse its discretion by allowing O'Neill's testimony.

[16]  Even if we were to find error, the error would be harmless.  The evidence establishes that N.R. identified Randolph shortly after the robbery and identified Randolph in court.  N.R. testified about the robbery clearly and unequivocally.  Moreover, after the robbery, police located Randolph in the back seat of a vehicle only a couple of blocks from where N.R. was robbed.  Randolph gave police a fictitious name upon his apprehension.  In addition to this substantial evidence of guilt, the trial court expressly limited the jury's use of O'Neill's testimony with an admonishment prior to the testimony and a limiting instruction at the close of the case.

---

[2] At trial, O'Neill only mentioned being robbed by Randolph.  At the hearing on the motion in limine, however, it was made clear to the court that three men approached O'Neill during the robbery.

## Sufficiency of the Evidence

[17]    Randolph also argues that the State presented insufficient evidence to convict him of armed robbery.  In reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Atteberry v. State*, 911 N.E.2d 601, 609 (Ind. Ct. App. 2009).  Instead, we consider only the evidence supporting the conviction and the reasonable inferences to be drawn therefrom.  *Id.*  If there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt, then the judgment will not be disturbed.  *Baumgartner v. State*, 891 N.E.2d 1131, 1137 (Ind. Ct. App. 2008).

[18]    To convict Randolph of Level 3 felony robbery as charged, the State was required to prove that, while armed with a deadly weapon, Randolph knowingly or intentionally took property from N.R. by using or threatening the use of force.  Ind. Code § 35-42-5-1.  Randolph challenges only the "while armed with a deadly weapon" element, which elevated the offense from a Level 5 felony to a Level 3 felony.

[19]    Randolph claims that because no weapon was recovered in this case and the victim only generally talked about his three assailants having weapons, the State presented insufficient evidence to show the use of a deadly weapon.  We find no merit in Randolph's argument.

[20] N.R. testified that all three men had weapons. According to N.R., one of them, "[t]he man in the dreads", pointed a weapon at N.R. while Randolph took a cell phone and money out of N.R.'s pocket. *Transcript* at 66. N.R. also testified that during the robbery another one of the men "pistol whipped" him in the face. *Id*. at 73. The blow was hard enough to knock a lens out of N.R.'s glasses.

[21] It is not necessary that a weapon be introduced into evidence at trial in order to sustain a conviction for armed robbery. *Gorman v. State*, 968 N.E.2d 845, 850 (Ind. Ct. App. 2012), *trans. denied*. A victim's testimony that he saw the defendant use what was believed to be a gun is, by itself, sufficient proof of the use of a deadly weapon. *Id*. at 851. N.R.'s testimony was sufficient to prove that Randolph committed the robbery while armed with a deadly weapon.

[22] Judgment affirmed.

[23] Robb, J. and Barnes, J., concur.