## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 02 2017, 9:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Larry D. Newman
Noblesville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Martin A. Davis, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | March 2, 2017 <br><br> Court of Appeals Case No. <br> 29A02-1608-CR-1861 <br><br> Appeal from the Hamilton Superior Court <br><br> The Honorable Gail Bardach, Judge <br><br> Trial Court Cause No. <br> 29D06-1507-F6-6080 |

**Altice, Judge.**

### Case Summary

[1] Following a jury trial, Martin A. Davis, Jr. was convicted of Level 6 felony theft and Class B misdemeanor criminal mischief. On appeal, Davis argues that the State presented insufficient evidence to support his criminal mischief conviction.

[2] We affirm.

## Facts & Procedural History

[3] At the time relevant to this appeal, James Burch owned several residential properties, including a home on Beechwood Drive in Hamilton County. Burch employed David Ward and Jeanette Newkirk to assist him with moving furniture and performing maintenance work and general upkeep at his properties. Burch sometimes hired additional people to help Ward and Newkirk with these duties. In January 2015, Burch hired Davis to help Ward and Newkirk move furniture and other items from one of his properties in Carmel to the Beechwood Drive house.

[4] At around 9:00 a.m. on February 13, 2015, Ward and Newkirk arrived at the Beechwood Drive house to do some work. When they arrived, there was a small pickup truck parked in the driveway and the garage door was open. Both Ward and Newkirk observed a white blanket in the bed of the truck that appeared to be covering items. Because the house was unoccupied at the time, Ward and Newkirk believed something was amiss. Ward told Newkirk to stay in the car while he investigated. When Ward entered the garage, he saw a bucket with tools that appeared to be out of place. He then entered the

residence through the garage and saw the back of someone running through the residence. Ward went down into the basement and saw that the floor was wet and that the plumbing was damaged.

[5] While Ward was still inside the house, Newkirk saw Davis exit through the garage door. Davis was "soaking wet" and told Newkirk that Burch had told him to come over and retrieve a vacuum cleaner, which had already been placed in the back of the truck. *Transcript* at 106. Davis then got into the truck and said "well, I'm leaving" and hurriedly drove away. *Id.* at 109.

[6] Ward and Newkirk called Burch and told him that the house had been broken into, and Burch came to the house and called the police. An inspection of the house revealed that a significant amount of copper piping in the home's plumbing and steam heating systems had been removed. As a result, there was a large amount of water on the basement floor. Various items had also been stolen. Burch had not given Davis permission to enter the home or to retrieve the vacuum cleaner or remove any other items. Detective Kija Ireland of the Hamilton County Sheriff's Department investigated the incident and, using a law enforcement website called LeadsOnline, later discovered that Davis had scrapped copper pipe on February 15, 2015.

[7] As a result of these events, the State charged Davis with criminal mischief as a Class B misdemeanor and theft elevated from a Class A misdemeanor to a Level 6 felony based on a prior unrelated theft conviction. A bifurcated jury trial was held on June 7, 2016, and Davis was found guilty of Class A

misdemeanor theft and Class B misdemeanor criminal mischief. Davis then admitted to having a prior unrelated theft conviction as necessary to support the elevation of his theft conviction to a Level 6 felony. On the theft conviction, the trial court sentenced Davis to 910 days, with 545 days suspended and 365 days on probation. For the criminal mischief conviction, the trial court imposed a 180-day suspended sentence. Davis now appeals.

## Discussion & Decision

[8] Davis argues that the State presented insufficient evidence to support his criminal mischief conviction. In reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Atteberry v. State*, 911 N.E.2d 601, 609 (Ind. Ct. App. 2009). Instead, we consider only the evidence supporting the conviction and the reasonable inferences flowing therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt, the judgment will not be disturbed. *Baumgartner v. State*, 891 N.E.2d 1131, 1137 (Ind. Ct. App. 2008). It is not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference may reasonably be drawn from it to support the conviction. *Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007). "A verdict may be sustained based on circumstantial evidence alone if that circumstantial evidence supports a reasonable inference of guilt." *Maul v. State*, 731 N.E.2d 438, 439 (Ind. 2000). Although presence at a crime scene alone is insufficient to sustain a conviction,

presence combined with other facts and circumstances, including the defendant's course of conduct before, during, and after the offense, may raise a reasonable inference of guilt. *Id.*

[9] To support Davis's conviction for Class B misdemeanor criminal mischief, the State was required to prove that Davis recklessly, knowingly, or intentionally damaged or defaced Burch's property without Burch's permission. *See* Ind. Code § 35-43-1-2. On appeal, Davis does not dispute that someone intentionally damaged Burch's property by cutting many copper pipes inside the Beechwood Drive house. Instead, he argues that the State presented insufficient evidence to establish that he was the person who did so.

[10] It was established that Davis was familiar with the Beechwood Drive house through his previous work for Burch, and that Newkirk and Ward were familiar with Davis because they had worked alongside him. It was further established that the plumbing and heating systems at the Beechwood Drive house were undamaged in the days leading up to February 13, 2015, and that Burch had not given Davis permission to enter the house on that date or to remove any of its contents. Although no one saw Davis in the process of removing copper pipes from the house, both Ward and Newkirk saw Davis's truck outside the house and saw a white blanket covering items in the back of the truck. Newkirk also saw Davis come out of the house "soaking wet," and Davis lied to her about having permission to remove a vacuum cleaner from the house before hurriedly driving away. *Transcript* at 106. An inspection of the house revealed water on the basement floor as a result of pipes to the plumbing and steam

heating systems being cut. Moreover, two days after this incident, Davis sold copper pipes to a scrap yard. This evidence was more than sufficient to support his conviction for Class B misdemeanor criminal mischief.

[11] Judgment affirmed.

[12] Riley, J. and Crone, J., concur.