## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 06 2019, 8:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joel C. Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert Barger, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | September 6, 2019 <br><br> Court of Appeals Case No. 19A-CR-494 <br><br> Appeal from the Putnam Superior Court <br><br> The Honorable Charles D. Bridges, Judge <br><br> Trial Court Cause No. 67D01-1712-F3-177 |

**Baker, Judge.**

[1] Robert Barger brings this interlocutory appeal of the trial court's denial of his motion to dismiss. Barger argues that he was forced to make an impossible decision between having legal representation and having a timely trial. We are compelled to affirm.

## Facts

[2] On December 12, 2017, the State charged Barger with seven criminal counts. At the December 13, 2017, initial hearing, the trial court appointed counsel for Barger and imposed a $30,000 bond.[1]

[3] Barger's jury trial was scheduled for May 1, 2018. On April 27, 2018, Barger's counsel filed a motion to continue based on ongoing plea negotiations.[2] The trial court granted the motion and re-set the trial for July 24, 2018. That date came and went, but no trial occurred and no summonses, witness and exhibit lists, or proposed jury instructions were filed. On July 27, 2018, the trial court, by Chronological Case Summary (CCS) entry, directed Barger's attorney to file a "Motion on the 7/24/2018 Jury Trial." Appellant's App. Vol. II p. 6.

[4] On August 6, 2018, Barger's counsel filed a motion to continue the jury trial, citing the same ongoing plea negotiations as the reason. The trial court granted the motion and rescheduled the trial for January 29, 2019. On August 29, 2018,

---

[1] Barger has been unable to post the bond and has remained incarcerated since the time of his arrest.

[2] Although the motion was filed mere days before trial, no summonses, witness and exhibit lists, or proposed jury instructions had been filed with the trial court.

Barger filed a pro se motion requesting "Hybrid Representation" and a "fast and speedy trial pursuant to Criminal Rule 4(B)." *Id.* at 50. Barger explained the reasons for his requests:

> [C]ongestion in the public defender system and unavailability of counsel due to heavy caseload are delaying communication on time sensitive matters—such as filing for a fast and speedy trial.

> [] Defendant has failed to secure a meeting with counsel and failed to secure a fast and speedy trial—despite 3 attempts through the jails [sic] legal mail system.

*Id.* at 50-51. On September 7, 2018, Barger's counsel filed a motion requesting a fast and speedy trial. On September 21, 2018, the trial court issued an order granting that motion and rescheduling the trial for November 13, 2018.

[5] On September 27, 2018, Barger's counsel filed a motion to withdraw because he had accepted a new job—with the prosecutor's office—that was scheduled to begin on October 1, 2018. The next day, the trial court granted the motion to withdraw and appointed a new public defender to represent Barger. That same day, Barger filed a pro se motion asking to represent himself because his newly appointed attorney had represented him in a different case (in the same trial court) and had withdrawn because of a conflict of interest.

[6] On October 30, 2018, without holding a hearing, the trial court granted Barger's motion to proceed pro se and withdrew the appointment of counsel. On October 31, 2018, Barger appeared pro se at a pretrial hearing. The deputy prosecutor reminded the trial court that it needed to give Barger the required

advisements about proceeding pro se; the trial court elected not to advise Barger in that regard at that time, indicating that it would do so at the final pretrial hearing.

[7] On November 7, 2018, the trial court conducted a final pretrial hearing. The deputy prosecutor had spoken with Barger before the hearing and Barger had decided he wanted an attorney to represent him. During the hearing, the trial court told Barger, "Well, you are not new to the criminal justice system, so when you said you wanted to proceed pro se, I know that you knew what you were doing." Supp. Tr. Vol. II p. 4. The trial court gave Barger the choice to have stand-by counsel or an appointed attorney and Barger chose to have an appointed attorney. The trial court noted that the new attorney would likely want to continue the trial and asked Barger whether he would waive his speedy trial request; Barger responded affirmatively.

[8] The trial court, however, did not appoint counsel immediately. The State indicated that it intended to explore a plea deal with Barger but that it would not "be able to communicate directly with Mr. Barger" if counsel was appointed. *Id.* at 7. The trial court agreed to delay the appointment to allow the negotiations to occur. Barger agreed, telling the State and the trial court that he was eager to "get it done and over with as quick as possible." *Id.* at 6.

[9] On November 13, 2018, the day of Barger's jury trial, the trial court appointed counsel for Barger. On November 21, 2018, the jury trial was rescheduled for March 5, 2019, by CCS entry. On December 6, 2018, Barger, by counsel,

objected to the new jury trial date and filed a motion to dismiss; the trial court denied the motion on December 27, 2018. At a hearing on January 10, 2019, the trial court reconsidered the motion, noting that "playing the system is not going to work in this court, or any other court, as far as I'm concerned, which I think is what Mr. Barger is trying to do." Tr. Vol. II p. 35. The trial court denied the motion but then certified the order for interlocutory appeal.

## Discussion and Decision

[10] Barger argues that the trial court erred by denying his motion to dismiss pursuant to Criminal Rule 4(B), which provides as follows:

> If any defendant held in jail . . . shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act . . . .

In reviewing a trial court's Rule 4(B) decision, we will neither reweigh the evidence nor assess witness credibility. *Austin v. State*, 997 N.E.2d 1027, 1040 (Ind. 2013). We will reverse only upon a showing of clear error, which occurs when we are left with the definite and firm conviction that a mistake has been made. *Id.*

[11] There are multiple stages of this proceeding that give us pause and cause us great concern.

- Barger's first trial date was continued mere days beforehand because of ongoing plea negotiations. Even though trial was days away, counsel

had not filed summonses, witness and exhibit lists, or proposed jury instructions, nor had preparations been made to impanel a jury.

- Barger's second jury trial date came and went with absolutely no action on the part of the attorneys or the trial court. Tardily, Barger's counsel filed a motion to continue, but again, no summonses, witness and exhibit lists, or proposed jury instructions were filed and no preparations were made to impanel a jury. We agree with Barger that "after ten months of imprisonment[,] . . . two prior jury trial settings had come and gone, seemingly without any intention on the part of Barger's counsel, the State, or the trial court to actually hold a jury trial . . . ." Appellant's Br. p. 11.
- Only after Barger filed a pro se motion for a fast and speedy trial—over eight months after his arrest—did his attorney echo that request in a motion.
- After Barger's attorney withdrew, the trial court appointed a new public defender—who had already withdrawn from representing Barger in a different matter because of a conflict of interest. At that point, Barger filed a motion to proceed pro se. The trial court granted that motion without holding a hearing.
- At a pretrial hearing just weeks before the trial date, the deputy prosecutor reminded the trial court that it had not advised Barger about the dangers of proceeding to a jury trial without an attorney. The trial court did not provide the advisements, indicating that it would do so at the final pretrial hearing.
- At a final pretrial hearing one week before trial, Barger requested an attorney. The trial court agreed to appoint one but did not do so, instead agreeing to the State's request that Barger remain unrepresented for plea negotiations. Barger agreed to waive his speedy trial request so that his new attorney would have time to get up to speed.
- A week later—on the date the trial was scheduled to begin—the trial court finally appointed counsel for Barger and continued the trial. Nearly a month later, Barger's new attorney objected to the trial date and filed a motion to dismiss.

We suspect that Barger did not receive zealous representation from his first public defender. And we are confused as to why the second trial date came and

went with no timely action on anyone's part. We very much wish that the trial court had held a hearing regarding Barger's request to proceed pro se and advised him of the dangers and consequences of that course of action before ruling on the motion. We also would have greatly preferred the trial court to have appointed an attorney to represent Barger at the hearing in which he made the request, rather than delaying for another week to give the State time to continue plea negotiations directly with Barger.

[12] All of that said, on this record, we are nevertheless compelled to affirm. Barger does not argue that the pretrial phase during which he requested to proceed pro se was a "critical stage" of the proceeding that required immediate advisements. *See Hopper v. State*, 957 N.E.2d 613, 616 (Ind. 2011) (noting that a defendant's right to counsel arises during critical stages in which incrimination may occur or where the opportunity for effective defense must be seized or foregone). Nor does he deny that he waived his speedy trial request or that his newly appointed attorney did not immediately object to the trial date. *See Hahn v. State*, 67 N.E.3d 1071, 1080 (Ind. Ct. App. 2016) (holding that it is incumbent on a defendant to object at his earliest opportunity when the trial date is scheduled beyond the time limits prescribed by Criminal Rule 4).

[13] Instead, Barger argues that the course of events forced him to make an impossible choice between his right to representation and his right to a speedy trial. We certainly agree that Barger was placed in a difficult position in this case. But the trial court found that it was, at least in part, a position of his own creation. At one hearing, the trial court commented that Barger is not new to

the criminal justice system and "knew what [he] was doing," supp. tr. vol. II p. 4, by asking to proceed pro se and then changing course the week before trial; at another hearing, the trial court opined that Barger had tried to "play[] the system" and that the strategy would not "work in this court," tr. vol. II p. 35. We are not in a position to, and will not, second-guess the trial court's conclusion that Barger's actions were an attempt to manipulate the system.

[14] Moreover, when a defendant takes action that delays the proceeding—even when the delay is in pursuit of some other constitutional right—that time is chargeable to the defendant. *See, e.g.*, *State v. Larkin*, 100 N.E.3d 700, 705 (Ind. 2018) (holding that delay due to defendant's motion for a change of judge was chargeable to him in response to defendant's arguments that he should not have to choose between a fair trial and a speedy trial); *Curtis v. State*, 948 N.E.2d 1143, 1150 (Ind. 2011) (holding that delays due to defendant's request for a competency evaluation and motion to suppress were chargeable to defendant); *Baumgartner v. State*, 891 N.E.2d 1131, 1134 (Ind. Ct. App. 2008) (holding that delays due to defendant changing attorneys are chargeable to defendant).

[15] As the United States Supreme Court has observed, "[a] hard choice is not the same as no choice." *United States v. Martinez-Salazar*, 528 U.S. 304, 315 (2000). Here, the situation in which Barger found himself was partly the result of circumstances beyond his control and partly the result of his own choices. Under these circumstances, while we do not condone the process employed by the trial court, we are compelled to affirm.

The judgment of the trial court is affirmed.

Kirsch, J., and Crone, J., concur.